**POLLOCK v. WASPCO CORP.**

[148 N.C. App. 381 (2002)]

DAVID POLLOCK, Employee, Plaintiff v. WASPCO CORPORATION, Employer, SELF-INSURED, Key Risk Management Services, Carrier, Defendants

No. COA01-136

(Filed 5 February 2002)

**1. Workers' Compensation— average weekly wage—income more than pre-injury wages**

The Industrial Commission did not err in a workers' compensation case by finding that plaintiff employee earned an income greater than the average weekly wage at the time of injury, because plaintiff's own admissions, both from discovery responses and his testimony, support the deputy commissioner's findings that plaintiff earned more than his pre-injury wages.

**2. Workers' Compensation— permanent partial disability— presumption of disability rebuttable**

The Industrial Commission did not err in a workers' compensation case by relieving defendant employer of its obligation to pay workers' compensation based on the deputy commissioner's opinion and award for permanent partial disability, because defendant rebutted the presumption of disability by using plaintiff's testimonial evidence showing that plaintiff returned to work earning wages equal to or greater than his pre-injury wages after 1 July 1996.

**3. Workers' Compensation— sanctions—penalty for unpaid installments**

The Industrial Commission erred in a workers' compensation case by failing to sanction defendant employer ten percent for its willful noncompliance of two out of four of the deputy commissioner's compensation awards in violation of N.C.G.S. § 97-18, because no good faith justification existed to prevent defendant paying awards one and four since defendant possessed all the information needed to calculate plaintiff's payment under those two awards when the deputy commissioner's opinion and award was issued.

Appeal by employee-plaintiff from the North Carolina Industrial Commission's ("Commission") opinion and award entered 2 October 2000. Heard in the Court of Appeals 28 November 2001.

*Brent Adams & Associates, by Brenton D. Adams, for plaintiff-appellant.*

*Young Moore and Henderson, P.A., by Jeffrey T. Linder and Zachary C. Bolen, for defendants-appellees.*

TYSON, Judge.

David Pollock ("plaintiff") appeals from an opinion and award of the Commission which (1) denied plaintiff's request for additional compensation based upon a change of condition, (2) relieved Waspco Corporation (employer "defendant") of its obligation to pay plaintiff based on a previous opinion and award dated 9 May 1997, (3) denied plaintiff's request for penalties pursuant to G.S. § 97-18(g), and (4) required defendant to pay plaintiff limited future medical treatments. We affirm the Commission's opinion and award in part and reverse and remand in part.

## I. Facts

Defendant employed plaintiff as a drywall finisher. Plaintiff injured his back on 20 June 1994 while lifting a 50 to 70 pound bucket of drywall compound. Plaintiff's salary averaged $394.68 per week at the time of the injury.

On 27 June 1994, defendant filed Form 19, "Employer's Report of Injury to Employee," with the Commission reporting plaintiff's injury. On 7 December 1994, the Commission approved a Form 21, "Agreement for Compensation for Disability," whereby defendant agreed to pay plaintiff $236.01 per week for 13 weeks of total disability beginning 20 June 1994, subject to verification of wages. This amount was based on an erroneous average weekly wage of $354.00. The form also indicated that plaintiff had returned to work for defendant on 19 September 1994. Plaintiff visited many health care providers and worked for numerous employers after 1994.

Sometime after 22 June 1995, plaintiff filed Form 18, "Notice of Accident to Employer," with the Commission seeking further indemnity benefits. On 17 July 1995, defendant filed Form 61, "Denial of Workers' Compensation Claim," stating that plaintiff had "claimed a change of condition . . . . Employee [plaintiff] claims recurrence of pain while working June 23, 1995. Our denial is based on the fact that there was no change of condition but a new and separate incident . . . ." On 10 August and 6 October 1995, plaintiff filed two Form 33's, "Request that Claim be Assigned for Hearing." Plaintiff asserted

that defendant denied his claim and requested compensation benefits from 20 June 1994 to the "current date."

Deputy Commissioner Lawrence B. Shuping, Jr. ("Deputy Shuping") conducted a hearing on 22 July 1996. Deputy Shuping filed an opinion and award on 9 May 1997. The award granted plaintiff compensation for (1) corrected "temporary total disability," (2) adjusted "temporary partial disability," (3) additional "temporary total disability," (4) "permanent partial disability," under G.S. § 97-30, (5) reasonable attorney fees, and (6) medical expenses.

First, the corrected "temporary total disability" required defendant to pay $27.12 per week covering periods 20 June 1994 through 18 September 1994 and 6 October 1994 through 16 October 1994. These amounts were ordered to correct the "underpayment of temporary total disability benefits based on an incorrect average weekly wage . . . ," which resulted from an incorrect average weekly wage reported on Form 21 filed 7 December 1994.

Second, the adjusted "temporary partial disability" award ordered defendant to pay compensation from 20 October 1994 to 26 December 1994 based on "two-thirds of the difference between the $394.68 average weekly wage that plaintiff earned at time of injury and the reduced average weekly wage that he was able to earn during that period . . . ." Deputy Shuping was unable to determine, however, how much plaintiff was earning at that time. He presumed that plaintiff and defendant would "agree to the appropriate additional amount of compensation due without the necessity of a supplemental Opinion and Award or further hearing."

Third, the additional "temporary total disability" totaled $236.13 per week from 22 June 1995 through 16 October 1995. This benefit was based on a "substantial change for the worse in [plaintiff's] condition subsequent to the Industrial Commission's last Award . . . ." This award was to be reduced pursuant to G.S. § 97-42.1 for unemployment benefits plaintiff received from the Virginia Employment Security Commission. Deputy Shuping's award presumed that plaintiff and defendant could "obtain the specific amount and period of unemployment compensation benefits from the Employment Security Commission and agree to the appropriate credit without the necessity of a supplemental Opinion and Award or further hearing."

Fourth, the "permanent partial disability" required defendant to pay $183.13 per week pursuant to G.S. § 97-30. This award was based

on Deputy Shuping's finding and conclusion that plaintiff had reached maximum medical improvement on 3 October 1995. Plaintiff retained a permanent back injury and "was no longer capable of engaging in the type of heavy work required by drywall finishing; but rather, was only capable of lighter work earning less wages . . . ." Payments were required from 1 November 1995 to the scheduled hearing date of 22 July 1996, "and thereafter continuing at the same rate so long as he [plaintiff] remains partially disabled, subject to a change of condition, medical or employment." This award was not offset by plaintiff's wages or unemployment benefits.

The opinion and award also granted plaintiff reasonable attorney's fees and all plaintiff's reasonable and necessary medical expenses.

Neither defendant nor plaintiff appealed from Deputy Shuping's opinion and award.

On or about 16 September 1997, plaintiff filed a "Motion for Order to Show Cause and Motion to Compel Payments of Compensation Benefits." The record does not contain the disposition of these motions. Plaintiff filed Form 33, "Request that Claim be Assigned for Hearing," and a "Motion for Review and Modification of Prior Opinion and Award Based upon a Change in Claimant's Condition for the Worse Pursuant to N.C.G.S. § 97-47" on 16 January 1998. On 24 January 1998, plaintiff filed a "Motion to Compel Payment for Medical Expenses Pursuant to N.C.G.S. § 97-25."

Defendant executed a "Response to Request that Claim be Assigned for Hearing" on 4 March 1998, stating that: "[w]e have received no information regarding any alleged change of condition since the Opinion and Award . . . filed May 9, 1997 and the same is therefore denied; no physician has diagnosed any change in plaintiff's physical condition; any alleged diminishment in plaintiff's wage earning capacity is not related to his compensable injury."

Plaintiff and defendant entered into a pre-trial agreement on 1 October 1998. Deputy Commissioner W. Bain Jones, Jr. ("Deputy Jones") convened a hearing that day. Deputy Jones halted the hearing and issued an order on 2 October 1998 requiring plaintiff to document his sources of income for all relevant periods. The hearing resumed on 18 November 1998. Deputy Jones stated that "there is still outstanding information needed . . . . Plaintiff's counsel is allowed seven days from this hearing . . . to contact the . . . Virginia Unemployment

Commission . . . relating to benefits . . . paid to plaintiff and ask that those records be certified and then provided to me."

On 30 August 1999, Deputy Jones filed an opinion and award. He found that (1) "[b]ased on the inconsistencies in plaintiff's testimony and other credible evidence, and based upon plaintiff's demeanor at hearing . . . plaintiff has failed to meet his burden of proof that he was partially disabled at any time after July 1, 1996," (2) defendant had paid all benefits due and payable under Deputy Shuping's opinion and award, and (3) circumstances beyond defendant's control caused defendant to pay plaintiff late. The opinion and award obviated defendant's obligation under Deputy Shuping's opinion and award after 22 July 1996, denied plaintiff's request for additional benefits, and directed defendant to pay all of plaintiff's medical expenses.

Plaintiff appealed to the Commission on 9 September 1999. After review on 22 May 2000, the Commission filed an opinion and award on 2 October 2000 affirming Deputy Jones' opinion and award. Plaintiff appeals.

## II. Issues

Plaintiff assigns as error the Commission's (1) finding that plaintiff earned an income greater than the average weekly wage at the time of injury, (2) relieving defendant of its obligation to pay worker's compensation based on Deputy Shuping's opinion and award, and (3) failing to sanction defendant for its willful noncompliance with Deputy Shuping's opinion and award.

## III. Plaintiff's Wage

[1] Plaintiff argues that there is no evidence to support a finding that plaintiff earned wages greater or equal to $394.68 per week subsequent to 20 June 1994, and that it was error to relieve defendant of its obligation to pay plaintiff pursuant to Deputy Shuping's order and award. We disagree.

Our review of an opinion and award is limited to "whether there is any competent evidence in the record to support the Commission's findings of fact and whether these findings support the Commission's conclusions of law. *Lineback v. Wake County Bd. of Comm'rs*, 126 N.C. App. 678, 680, 486 S.E.2d 252, 254 (1997) (citation omitted). Findings of fact are conclusive upon appeal if supported by competent evidence, even if there is evidence to support a contrary finding.

*Morrison v. Burlington Indus.*, 304 N.C. 1, 6, 282 S.E.2d 458, 463 (1981) (citations omitted).

The Commission found that (1) "plaintiff began working for Thomas Brown at $12.00 per hour . . . on July 1, 1996," (2) plaintiff worked for employer Joe Roper as a drywall finisher from February 1997 to May 1997, and (3) plaintiff had returned to work after 1 July 1996 at wages greater than he earned before his injury on 20 June 1994.

Plaintiff's own admissions, both from discovery responses and his testimony, support Deputy Jones' findings that plaintiff earned more than his pre-injury wages. At the 1 October 1998 hearing the following exchange occurred on cross-examination:

DEFENSE COUNSEL: It [discovery request] says you worked for him [Thomas Brown] from July of 1996 to December of 1996, isn't that right. That's what it says, right?

PLAINTIFF: That's what it says, yes.

DEFENSE COUNSEL: And you were earning $12 an hour for Mr. Brown.

PLAINTIFF: Yes, that's what—

DEFENSE COUNSEL: That's more than you were earning with Waspco, isn't that right?

PLAINTIFF: That's correct.

Plaintiff also disclosed that he was earning more than his pre-injury wage at the 18 November 1998 hearing.

DEFENSE COUNSEL: All right. What did you do for Mr. Roper?

PLAINTIFF: Same thing, drywall finishing. I worked with him from—I think it's from February to May, around the end of May, I believe . . . .

DEFENSE COUNSEL: How much did you make?

. . . .

PLAINTIFF: With Mr.—I can't remember what he paid me— Mr. Roper. To be honest I don't—I don't remember exactly. Eleven—

**POLLOCK v. WASPCO CORP.**

[148 N.C. App. 381 (2002)]

We hold that there was competent evidence to support the Commission's finding of fact that plaintiff earned wages greater than or equal to his pre-injury average weekly wage.

### IV. Defendant's Duty to Pay

**[2]** " 'If an award is made by the Industrial Commission, payable during disability, there is a presumption that disability lasts until the employee returns to work . . . .' " *In re Stone v. G & G Builders*, 346 N.C. 154, 157, 484 S.E.2d 365, 367 (1997) (quoting *Watkins v. Central Motor Lines*, 279 N.C. 132, 137, 181 S.E.2d 588, 592 (1971)). "However, as stated in Rule 404(1) of the Workers' Compensation Rules of the North Carolina Industrial Commission, this presumption of continued disability is rebuttable." *Id.*

Plaintiff entered the hearing before Deputy Jones with a presumption of disability that attached based upon Deputy Shuping's opinion and award of 19 May 1997. Defendant rebutted that presumption using plaintiff's testimonial evidence showing that plaintiff returned to work earning wages equal to or greater than his pre-injury wages after 1 July 1996. We conclude that this finding rebutted plaintiff's presumption. We hold that this finding, which is supported by competent evidence, relieves defendant of its obligation to pay plaintiff pursuant to Deputy Shuping's opinion and award for "permanent partial disability," under G.S. § 97-30. This assignment of error is overruled.

We note that Deputy Shuping's award, by its own terms, awarded plaintiff benefits up to the date of the hearing on 22 July 1996, as well as benefits thereafter subject to any "change of condition, medical or employment." Defendant never appealed from that opinion and award. Deputy Jones found subsequently that plaintiff's employment condition improved on 1 July 1996. This finding cannot affect that portion of Deputy Shuping's award requiring payment through the hearing date certain of 22 July 1996. Defendant is therefore only entitled to cease paying after 22 July 1996 pursuant to Deputy Jones' award. This date should be modified upon remand.

### V. Sanctions

**[3]** Plaintiff contends the Commission erred by failing to impose a 10% penalty for violation of N.C. Gen. Stat. § 97-18 (1998). Deputy Shuping awarded plaintiff four separate compensation awards. We agree with regards to Deputy Shuping's awards one and four as outlined above.

**POLLOCK v. WASPCO CORP.**

[148 N.C. App. 381 (2002)]

G.S. § 97-18(e) requires the Commission to assess a 10% penalty for an unpaid installment if the payment is not made withing 14 days after it becomes due. *Tucker v. Workable Company*, 129 N.C. App. 695, 703, 501 S.E.2d 360, 366 (1998); *Bostick v. Kinston-Neuse Corp.*, 145 N.C. App. 102, 110, 549 S.E.2d 558, 563 (2001). The Commission concluded that plaintiff was not entitled to penalties for receiving late payments. In support of this conclusion it found that:

> The amount of the benefits due plaintiff as awarded in Deputy Commissioner Shuping's May 9, 1997 Opinion and Award was intentionally left uncertain due to a lack of information. Deputy Commissioner Shuping . . . instructed 'the parties' to ascertain the exact amounts owed subsequent to his decision. The sources of information that were available to the Commission and the parties subsequent to that Opinion and Award and could clarify the exact amounts owed plaintiff were: plaintiff's Virginia unemployment records, plaintiff's tax returns, plaintiff's testimony, and plaintiff's answers to interrogatories. These sources are inconsistent, incomplete, and incongruous with each other. The problems surrounding the procurement of correct wage information were beyond defendant's control. Given the resulting good-faith disputes arising from these issues, plaintiff has produced insufficient evidence from which the Full Commission can award penalties pursuant to N.C. Gen. Stat. § 97-18.

We have reviewed the entire record and conclude that competent evidence only supports this finding with respect to Deputy Shuping's awards two and three. Awards two and three were subject to plaintiff's cooperation; awards one and four were not. We conclude that no good faith justification existed to prevent defendant paying awards one and four. Defendant possessed all the information needed to calculate plaintiff's payment pursuant to those two awards when Deputy Shuping's opinion and award issued. "Because the provisions of G.S. § 97-18(g) are mandatory ('there *shall* be added'), we are compelled to conclude that a 10% penalty is due." *Bostick*, 145 N.C. App. at 110, 549 S.E.2d at 563 (citing *Kisiah v. W.R. Kisiah Plumbing*, 124 N.C. App. 72, 83, 476 S.E.2d 434, 440 (1997)). We affirm the opinion and award in part and reverse and remand in part.

Affirmed in part, reversed and remanded in part.

Judges TIMMONS-GOODSON and HUDSON concur.