***********
Upon review of the competent evidence of record and the briefs and oral arguments of the parties, with reference to the errors assigned, and finding no good grounds to receive further evidence, or to rehear the parties or their representatives, the Full Commission upon reconsideration of the evidence, affirms with modifications, the Opinion and Award of the Deputy Commissioner and enters the following Opinion and Award.
 *********** *Page 2 
The Full Commission finds as fact and concludes as matters of law the following, which the parties entered into in their Pre-Trial Agreement and at the hearing as:
 STIPULATIONS
1. The North Carolina Industrial Commission has jurisdiction of the parties and of the subject matter of these proceedings.
2. The parties are correctly designated, and there is no question as to the mis-joinder or the non-joinder of any party.
3. On August 11, 2008, Defendant-Employer was subject to the North Carolina Workers' Compensation Act.
4. On August 11, 2008, Defendant-Employer regularly employed three or more employees.
5. On August 11, 2008, an employment relationship existed between the parties.
6. Beginning on April 1, 2007, Westport Insurance Corporation was the workers' compensation insurance carrier for Defendant-Employer, and the expiration of the term stated in the subject workers' compensation insurance policy was April 1, 2008.
7. On August 11, 2008, Defendant-Employer was non-insured in that it did not have any workers' compensation insurance coverage.
8. On August 11, 2008, Defendant Anthony Hernandez, as owner and president of Defendant-Employer, had the ability and the authority to procure workers' compensation insurance coverage.
9. According to the records of the North Carolina Secretary of State, on August 11, 2008, Mr. Martin Hernandez was the secretary of Defendant-Employer. *Page 3 
10. Plaintiff's average weekly wage was $984.37 on August 11, 2008, yielding a compensation rate of $656.24.
11. On August 12, 2008, Defendant-Employer underwent an inspection as a result of Plaintiff's August 11, 2008 work injury.
12. On August 13, 2008, following Plaintiff's August 11, 2008 work injury, Defendant Anthony Hernandez terminated Plaintiff's employment with Defendant-Employer.
13. On or before October 8, 2008, the North Carolina Industrial Commission received Plaintiff's Form 18.
14. On or before February 24, 2009, the North Carolina Industrial Commission received Plaintiff's Form 33.
15. The parties stipulated to the following documents being admitted into evidence as Stipulated Exhibit One:
 a. Plaintiff's medical records;
 b. Subpoena duces tecum;
 c. Security camera video footage from August 12, 2008.
16. The parties stipulated to the following documents being admitted into evidence as Stipulated Exhibit Two:
 a. North Carolina Industrial Commission Forms 18 and 33;
 b. Corporate filings of Defendant-Employer with the North Carolina Secretary of State.
17. The parties stipulated to the following documents being admitted into evidence as Stipulated Exhibit Three:
 a. Defendant-Employer's insurance forms;
 b. Defendant-Employer's pay stubs from 2008. *Page 4 
18. The parties stipulated to the following documents being admitted into evidence as Stipulated Exhibit Four:
 a. North Carolina Employment Security Commission records;
 b. Summary of medical compensation owed to Plaintiff.
19. The parties stipulated to the following documents being admitted into evidence as Stipulated Exhibit Five: Defendant's North Carolina Industrial Commission workers' compensation insurance coverage records.
20. Defendants' Exhibit one, a CD containing two short video files taken from a company surveillance camera, was admitted into evidence at hearing.
 *********** ISSUES
The issues to be determined are:
1. Whether Plaintiff sustained a compensable work injury on August 11, 2008, and if so, to what workers' compensation benefits is he entitled?
2. Whether Defendant Anthony Hernandez controlled Defendant-Employer with respect to the acts giving rise to Plaintiff's injuries?
 ***********
Based upon the competent and credible evidence of record, the Full Commission makes the following:
 FINDINGS OF FACT
1. At the time of hearing before the Deputy Commissioner, Plaintiff was 56 years old, and had a high school diploma. In April 2007, Defendant-Employer hired Plaintiff as an *Page 5 
estimator and manager. In December 2007, Plaintiff began working for Defendant-Employer as a technician/mechanic. In early 2008, Defendant-Employer gave Plaintiff additional duties as a part-time, tow truck driver. Plaintiff's rate of pay never changed during his employment.
2. On October 29, 1996, the North Carolina Secretary of State issued Articles of Incorporation for Defendant-Employer. The principal officers of Defendant-Employer were Defendant Anthony Hernandez, who was president, and Mr. Martin Hernandez, who served as secretary. Defendant Anthony Hernandez was the sole owner of Defendant-Employer. Mr. Martin Hernandez, as secretary of Defendant-Employer, signed only one document and took no other action on behalf of Defendant-Employer. Defendant Anthony Hernandez had sole decision-making authority with respect to the policies, finances, and business practices of Defendant-Employer.
3. According to Defendant Anthony Hernandez, Defendant-Employer employed at least three employees from October 29, 1996 through July 1, 1999 (974 days) and did not carry workers' compensation insurance coverage during this time period. North Carolina Department of Insurance database and North Carolina Employment Security Commission records indicate that Defendant-Employer did not have workers' compensation insurance coverage for the following additional time periods: from January 1, 2004 through January 15, 2004 (14 days); from September 27, 2004 through March 31, 2005 (185 days); and from April 1, 2008 through December 31, 2008 (275 days).
4. On Wednesday, August 6, 2008, Mr. Charles Poe sustained a compensable work injury while working for Defendant-Employer. After August 6, 2008, Defendant-Employer terminated Mr. Poe. Defendant Anthony Hernandez knew that on August 6, 2008 Defendant-Employer *Page 6 
did not have workers' compensation insurance coverage when Mr. Poe sustained his work injury.
5. On Sunday, August 10, 2008, Plaintiff reported to work for Defendant-Employer. Plaintiff entered the premises of Defendant-Employer with a set of keys given to him by Defendant Anthony Hernandez. On Monday, August 11, 2008, Plaintiff was working for Defendant-Employer when he plugged in a defective fan and suffered an electrical shock, thereby rendering him unconscious. Emergency medical personnel transported Plaintiff to Craven Regional Medical Center in New Bern, North Carolina, where Plaintiff received medical treatment and a note to remain out of work until Wednesday, August 13, 2008. Defendant Anthony Hernandez also asked Plaintiff not to work on Tuesday, August 12, 2008.
6. On August 13, 2008, Defendant Anthony Hernandez terminated Plaintiff's employment with Defendant-Employer. Defendant Anthony Hernandez testified that he terminated Plaintiff's employment with Defendant-Employer because he was not given authority to enter the premises of Defendant-Employer on August 10, 2008. Plaintiff testified that on August 13, 2008, Defendant Hernandez told him that he warned Plaintiff about putting anything on Defendant-Employer's workers' compensation and therefore, Plaintiff's services were no longer needed. The Full Commission gives greater weight to the testimony of Plaintiff over any contrary testimony of Defendant Anthony Hernandez concerning the circumstances under which Defendant Anthony Hernandez terminated Plaintiff's employment with Defendant-Employer.
7. Following Plaintiff's termination on August 13, 2008, he began receiving unemployment compensation at the rate of $425.00 per week, from September 7, 2008 through September 5, 2009, for a total amount of $22,100.00. As a condition of receiving unemployment *Page 7 
compensation, Plaintiff conducted at least two employment searches per week. Plaintiff has been unable to secure suitable employment.
8. The Full Commission finds, based upon the greater weight of the evidence, that Plaintiff sustained an injury by accident arising out of and in the course of his employment on August 11, 2008.
9. The Full Commission finds, based upon the greater weight of the evidence, that as a result of Plaintiff's August 11, 2008 work injury, Plaintiff incurred medical bills in the amount of $4,074.41.
10. The Full Commission finds, based upon the greater weight of the evidence, that as a result of Plaintiff's August 11, 2008 work injury, Plaintiff was temporarily and totally disabled from any employment from August 12, 2008 through September 17, 2009, the date of the hearing before the Deputy Commissioner. As of the date of the hearing before the Deputy Commissioner, Plaintiff had been released to return to work, was no longer receiving unemployment compensation, was no longer undertaking a reasonable search for suitable employment. Thus, the Full Commission finds that Plaintiff has failed to prove disability as of September 17, 2009.
11. Defendant-Employer failed to report Plaintiff's August 11, 2008 work injury to the North Carolina Industrial Commission via a Form 19, or to provide Plaintiff with a Form 18.
12. Defendant-Employer failed to admit Plaintiff's August 11, 2008 work injury via a Form 21, Form 60, or Form 63, payment without prejudice, or to deny Plaintiff's work injury via a Form 61 within 45 days of October 8, 2008, or at any time thereafter.
13. Defendant-Employer failed to file a Form 33R within 45 days of February 24, 2009, or at any time thereafter. *Page 8 
14. Defendant Anthony Hernandez had control over the business practices of Defendant-Employer, including the decision of whether to maintain workers' compensation insurance coverage.
15. Plaintiff contends that A M Auto Body, Inc., is a mere instrumentality or alter ego of Defendant Anthony Hernandez and that the Industrial Commission should pierce the corporate veil. While there is evidence that A M Auto Body, Inc., did not adhere to some corporate formalities, there is also evidence that payroll, payroll taxes, and Employment Security Commission records were kept in the name of A M Auto Body, Inc., and that an accountant handled many of Defendant Employer's business affairs. There is no evidence of comingling of the corporate and personal funds of Anthony Hernandez. The Full Commission finds there is insufficient evidence in this record to pierce the corporate veil. Therefore, Plaintiff has not proven that Defendant Anthony Hernandez is liable in his individual capacity for workers' compensation owed to Plaintiff.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. Plaintiff sustained an injury by accident arising out of and in the course of his employment on August 11, 2008. N.C. Gen. Stat. § 97-2(6) (2009).
2. Plaintiff has proven that as a result of his compensable injury, he has been capable of some work since August 13, 2008, but after reasonable efforts on his part, he has been unsuccessful in his effort to obtain employment through the date of hearing before the Deputy Commissioner on September 17, 2009. Russell v. LowesProd. Distrib., 108 N.C. App. 762, 425 S.E.2d 454 (1993). *Page 9 
Defendants presented no evidence that there were suitable jobs that Plaintiff could obtain. Plaintiff failed to present, however, sufficient evidence of continuing disability in order to satisfy any of the prongs under Russell after September 17, 2009, the date of the hearing before the Deputy Commissioner where he testified that he was no longer searching for work. Therefore, Plaintiff is not entitled to receive continuing temporary total disability compensation after September 17, 2009. N.C. Gen. Stat. § 97-29 (2009); Russell,108 N.C. App. 762, 425 S.E.2d 454 (1993).
3. Defendants failed to show that Plaintiff's termination was for misconduct or fault, unrelated to his August 11, 2008 work injury.Frazier v. McDonald's,149 N.C. App. 745, 751, 562 S.E.2d 295, 299 (2002) quoting,Seagraves v. Austin Co. of Greensboro,123 N.C. App. 228, 234, 472 S.E.2d 397, 401 (1996).
4. As a result of his compensable injury, Plaintiff is entitled to weekly temporary total disability compensation in the amount of $656.24 per week from August 11, 2008 through the date of hearing on September 17, 2009, but subject to a seventy-five percent credit for unemployment compensation paid to Plaintiff from September 7, 2008 through September 5, 2009. N.C. Gen. Stat. § 97-29 (2009).
5. As a result of Plaintiff's compensable injury, Plaintiff is entitled to have Defendant-Employer provide all medical compensation arising from his injury by accident. N.C. Gen. Stat. §§ 97-2(19); 97-25 (2009).
6. As a result of Defendant-Employers' failure to file a Form 19, Defendant-Employer is liable for a penalty of $25.00. N.C. Gen. Stat. § 97-92(e) (2009).
7. As a result of Defendant-Employer's failure to file a Form 60, Form 21, Form 63, or Form 61, Defendant-Employer is liable for a fine or sanction in the amount of $200.00. N.C. Gen. Stat. § 97-18(j) (2009); *Page 10 
Rules 601 and 802(2) of the Workers' Compensation Rules of the North Carolina Industrial Commission .
8. Any employer required to secure payment of compensation who refuses and neglects to secure such compensation shall be assessed a penalty of one dollar ($1.00) for each employee, but not less than fifty dollars ($50.00) nor more than one hundred dollars ($100.00) for each day of such refusal or neglect, and until the same ceases pursuant to N.C. Gen. Stat. § 97-94(b) (2009). Assessment of this penalty is mandatory. Johnson v. Herbie's Place157 N.C.App. 168, 179, 579 S.E.2d 110, 118, disc rev. denied,357 N.C. 460, 385 S.E.2d 760 (2003).
9. Anyone with the ability and authority to bring their business into compliance with N.C. Gen. Stat. § 97-93 who fails to do so, may be assessed a penalty equal to one hundred percent of the amount of compensation due Defendant's employees injured during the time his business failed to comply with N.C. Gen. Stat. § 97-93 as set out in N.C. Gen. Stat. § 97-94(d) (2009). Defendant Anthony Hernandez, as owner and operator of Defendant-Employer A M Auto Body, Inc., had the ability and authority to bring the Employer in compliance with the North Carolina Workers' Compensation Act and failed to do so. N.C. Gen. Stat. § 97-94(d)
10. There are three elements necessary to piece the corporate veil under North Carolina's instrumentality rule. The evidence presented is insufficient to establish the elements necessary to pierce the corporate veil of Defendant-Employer A M Auto Body, Inc., under the North Carolina instrumentality rule. Glenn v. Wagner, 313 N.C.450, 329 S.E.2d 326 (1985). Therefore, Plaintiff is not entitled to any workers' compensation payments directly from Defendant Anthony Hernandez in his individual capacity. *Page 11 
11. Defendant Anthony Hernandez shall be referred to the Fraud Unit of the North Carolina Industrial Commission for criminal prosecution due to his willful failure to carry workers' compensation insurance coverage. N.C. Gen. Stat. § 97-88.2 (2009).
 ***********
Based on the foregoing stipulations, findings of fact, and conclusions of law, the Full Commission makes the following:
 AWARD
1. Defendant-Employer, A M Auto Body, Inc., shall pay temporary total disability compensation to Plaintiff at the rate of $656.24 per week from August 11, 2008 through September 17, 2009, subject to a seventy-five percent credit (.75 x $22,100.00) for unemployment benefits subsequently paid to Plaintiff from September 7, 2008 through September 5, 2009. The accrued compensation shall be paid in a lump sum.
2. Defendant-Employer, A M Auto Body, Inc., shall pay all medical expenses incurred by Plaintiff as a result of his compensable injury by accident, which amount to $4,074.41.
3. An attorney's fee in the amount of 25 percent of the compensation awarded is approved for Plaintiff's counsel. Defendant-Employer, A M Auto Body, Inc., shall pay Plaintiff's counsel directly.
4. Defendant-Employer, A M Auto Body, Inc., shall pay a fine of $225.00 for failure to timely file the proper forms with the North Carolina Industrial Commission.
5. Defendant-Employer, A M Auto Body, Inc., is ordered to pay the State of North Carolina penalties in the sum of $71,400.00, which represents $50.00 per day for the 1,428 days *Page 12 
that Defendant-Employer failed to secure workers' compensation insurance coverage in accordance with the North Carolina Workers' Compensation Act.
6. An additional penalty of 100 percent of the amount of the compensation due Plaintiff in this matter is assessed against Defendant Anthony Hernandez, individually, for failing to comply with N.C. Gen. Stat. § 97-93. A check in the amount of $27,435.55 (temporary total disability compensation of $23,361.14 + medical compensation of $4,074.41 = $27,509.98) shall be made payable to the North Carolina Industrial Commission and sent directly to Assistant Attorney General Tracy C. Curtner at the Fraud Unit of the North Carolina Industrial Commission.
7. Defendant Anthony Hernandez shall be referred to the Fraud Unit of the North Carolina Industrial Commission for criminal prosecution due to his willful failure to carry workers, compensation insurance coverage.
This the ___ day of June 2010.
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
 S/___________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
 S/___________________ DIANNE C. SELLERS COMMISSIONER *Page 1