**SEIGEL v. PATEL**

[132 N.C. App. 783 (1999)]

Affirmed in part and vacated and remanded in part.

Judges WYNN and EDMUNDS concur.

————————

INA J. SEIGEL, PLAINTIFF v. RAMAN K. PATEL AND VISHNU, INC., DEFENDANTS

No. COA98-627

(Filed 6 April 1999)

## 1. Appeal and Error— record—not settled

Although the Court of Appeals invoked Appellate Rule 2 to prevent manifest injustice, it was noted that the appeal could have been dismissed where plaintiff served the proposed case on appeal upon defendants, who responded with notice of objections and proposed amendments; plaintiff's attorney agreed to all but one of defendants' objections and proposals and added stipulations; plaintiff's attorney indicated that he would consider the record settled if he did not hear from defendants' attorney; and plaintiff's counsel filed the record without an indication that it had been settled. It is ultimately the appellant's responsibility to settle the record on appeal; members of the bar should exercise a certain degree of caution in their expectations of one another and not be so willing to rely on common courtesy that they neglect to follow the Rules of Appellate Procedure.

## 2. Fraud— agreement to pay medical expenses by employer— summary judgment for employer—no cause of action

The trial court properly granted summary judgment for defendants in an action arising from defendants' failure to pay as promised medical expenses incurred by plaintiff from a fall at work where defendant did not have workers' compensation insurance and plaintiff attempted to bring a claim for fraud and unfair trade practices against her employer. Such a claim cannot be brought in North Carolina; moreover, the suit was barred by the statute of limitations.

Appeal by plaintiff from order granting summary judgment entered 31 October 1997 by Judge Richard L. Doughton and order denying reconsideration entered 13 March 1998 by Judge Henry E. Frye, Jr., in Yadkin County Superior Court. Heard in the Court of Appeals 13 January 1999.

*Gordon & Nesbit, P.L.L.C., by Thomas L. Nesbit, for plaintiff-appellant.*

*Rightsell, Shumate, Forrester & Eggleston, L.L.P., by Donald P. Eggleston, for defendant-appellees.*

LEWIS, Judge.

Plaintiff was the manager of a motel owned by defendant Vishnu, Inc. ("Vishnu"), of which defendant Patel is a shareholder and authorized agent. While at work on 10 July 1992, the then-sixty year-old plaintiff fell and broke her ankle. The injury required surgery and, according to plaintiff, a woman in the hospital's admitting department told her that Patel "said that he would take care of all the medical expense—not to worry." Patel made a similar statement to plaintiff's son, and the hospital's records confirm that Patel promised the hospital on multiple occasions that he would pay for plaintiff's treatment. Although Vishnu had more than three full-time employees at the time of plaintiff's accident, the company did not have worker's compensation insurance, in violation of N.C. Gen. Stat. § 97-93 (Cum. Supp. 1998).

After receiving statements from the hospital and filing them for Patel, plaintiff realized in early 1993 that Patel had not paid the bills. Plaintiff saw a lawyer, who offered to write a letter to Patel on her behalf. Plaintiff declined the attorney's services at that time, preferring instead to talk to Patel about the situation. When plaintiff did so, Patel again assured her that he would pay. Plaintiff saw no more statements from the hospital and believed that Patel had kept his word.

Plaintiff realized when the hospital sued her in 1995 that Patel still had not paid the bills. The hospital obtained a default judgment against plaintiff in the amount of $6,733.50 on 8 August 1995. Faced with significant medical debts, plaintiff filed for bankruptcy under Chapter 7 on 10 October 1995. She has since been discharged of these debts.

Plaintiff filed suit on 20 November 1996 in Yadkin County Superior Court. After the trial court denied defendants' motion to dismiss the case under N.C.R. Civ. P. 12(b)(6) on 11 April 1997, defendants answered and counterclaimed, and the parties conducted discovery. Defendants moved for summary judgment on 25 August 1997, and this motion was granted on 31 October 1997. Because

defendants still had pending a counterclaim to recover fees, plaintiff did not appeal from the trial court's summary judgment order at that time.

After the trial court denied defendants' motion to recover their fees on 27 February 1998, the court denied plaintiff's motion for reconsideration on 13 March 1998. Plaintiff then gave notice of appeal on 27 March 1998 and served her proposed case on appeal upon defendants on 17 April 1998. Defendants served upon plaintiff their notice of objections and proposed amendments to the record on appeal pursuant to N.C.R. App. P. 11. In a letter dated 12 May 1998, plaintiff's attorney agreed to all but one of defendants' objections and proposals, and he added stipulations. Counsel for plaintiff indicated that he would "consider the record settled" if he did not hear from defendants' attorney. Receiving no response, plaintiff filed the record 1 June 1998 without an indication that it had been settled. Defendants then moved to dismiss plaintiff's appeal for violations of the Rules of Appellate Procedure. The motion has been referred to this panel for consideration, and our decision to grant or deny the motion will produce the same ultimate result for plaintiff.

[1] Despicable as the behavior of defendant Patel appears, plaintiff cannot win on this appeal. First, while plaintiff's counsel may have relied in good faith on defendants' counsel to respond to his letter of 12 May 1998, and while the failure of defendants' counsel to do so may appear suspicious, it is ultimately the appellant's responsibility to settle the record on appeal. *See* N.C.R. App. P. 9(a)(1)(I); *Edwards v. West*, 128 N.C. App. 570, 572, 495 S.E.2d 920, 922, *cert. denied*, 348 N.C. 282, 501 S.E.2d 918 (1998). Members of the bar should exercise a certain degree of caution in their expectations of one another and not be so willing to rely on common courtesy that they neglect to follow the Rules of Appellate Procedure. There is no settled record on this appeal, and we could dismiss it for this failure to comply with the Rules. Although we may invoke Rule 2 and deny defendants' motion to dismiss this appeal in an effort "[t]o prevent manifest injustice to [plaintiff]," plaintiff loses on other procedural grounds.

[2] Plaintiff must next overcome questions regarding the subject matter jurisdiction of her suit. Defendants argue that the exclusive venue for a claim by an employee against an employer for injuries arising in the course of employment is the North Carolina Industrial Commission, citing N.C. Gen. Stat. § 97-10.1 (1991), but plaintiff did not file her claim there. A closer reading of section 97-10.1 reveals

defendants' omission of important language at the beginning of this statute when quoting it in their brief: "If the employee and the employer are subject to *and have complied with* the provisions of this Article," it is the employee's exclusive source of her rights and remedies. *Id.* (emphasis added). Because Vishnu has not complied with the provisions of the article by failing to secure compensation, plaintiff argues that section 97-94 permits her to bring this claim outside the Industrial Commission. Specifically, this section provides in pertinent part:

> Any employer required to secure the payment of compensation under this Article who refuses or neglects to secure such compensation shall be punished by a penalty of one dollar ($1.00) for each employee, but not less than fifty dollars ($50.00) nor more than one hundred dollars ($100.00) for each day of such refusal or neglect, and until the same ceases; and the employer shall be liable during continuance of such refusal or neglect to an employee either for compensation under this Article *or at law at the election of the injured employee.*

N.C. Gen. Stat. § 97-94(b) (Cum. Supp. 1998) (emphasis added). It is worth noting from the plain language of the statute that while the statute may arguably permit plaintiff to bring her claim at law, the Industrial Commission is not precluded from hearing claims against noncompliant employers.

Plaintiff's actual complaint, however, makes no reference to Chapter 97. The complaint indicates not that this is a worker's compensation claim brought in a court of law at plaintiff's election, but a claim for fraud and unfair trade practices against her employer under Chapter 75. It is the law of this state that plaintiff cannot bring such an action against her employer. *See Buie v. Daniel Int'l*, 56 N.C. App. 445, 448, 289 S.E.2d 118, 119-20 ("Unlike buyer-seller relationships, we find that employer-employee relationships do not fall within the intended scope of G.S. 75-1.1 . . . . Employment practices fall within the purview of other statutes adopted for that express purpose."), *disc. review denied*, 305 N.C. 759, 292 S.E.2d 574 (1982).

Plaintiff argues that our recent decision in *Johnson v. First Union Corp.*, 128 N.C. App. 450, 496 S.E.2d 1 (1998), which was filed after summary judgment was granted in the instant case, establishes that a superior court can have subject matter jurisdiction over a Chapter 75 claim by an employee against her employer. This reliance

**SEIGEL v. PATEL**

[132 N.C. App. 783 (1999)]

is misplaced not only because of significant factual distinctions between that case and the one before us now, but because of subsequent developments in *Johnson.* The case was reheard, *see Johnson v. First Union Corp.*, 131 N.C. App. 142, 504 S.E.2d 808 (1998), *review allowed*, and the outcome on which plaintiff relies no longer stands. On rehearing, we noted that "[o]ther case law has shown that the Industrial Commission is authorized to deal with matters such as fraud," *id.* at 144, 504 S.E.2d at 810 (citing *Pruitt v. Knight Publishing Co.*, 289 N.C. 254, 260, 221 S.E.2d 355, 359 (1976)), and concluded that "the Workers' Compensation Act is a comprehensive regulatory scheme, and collateral attacks are inappropriate." *Id.*

Plaintiff also faces hurdles she cannot clear with regard to the statute of limitations. A 7 January 1993 entry on plaintiff's account at the hospital reads in part: "Employee is sueing [sic] employer—for hospital accounts." While plaintiff now argues that she was not actually suing at that date but had merely consulted an attorney, she was certainly aware of the potential for litigation at that time. An entry on those same records dated 5 April 1993 states, "Comp denied—case closed." Plaintiff did not file this suit alleging fraud and unfair trade practices until November of 1996, nearly four years after she knew or should have known of the misrepresentation by defendants. The statute of limitations for fraud is three years, and begins to run at the time the aggrieved party discovered or should have reasonably discovered the facts constituting the fraud. N.C. Gen. Stat. § 1-52(9) (Cum. Supp. 1998); *Nash v. Motorola Communications and Electronics*, 96 N.C. App. 329, 331, 385 S.E.2d 537, 538 (1989), *aff'd per curiam*, 328 N.C. 267, 400 S.E.2d 36 (1991). The statute of limitations for an unfair trade practice claim is four years under N.C. Gen. Stat. § 75-16.2 (1994), but as set out above plaintiff has no Chapter 75 action against her employer. Even if the fraud claim were somehow found valid, which it cannot be in light of plaintiff's failure to properly state a claim for fraud, *see, e.g., Claggett v. Wake Forest University*, 126 N.C. App. 602, 610, 486 S.E.2d 443, 447 (1997), this suit was not timely filed and cannot be heard in the trial court.

In light of these many factors, the trial court was unable to consider any genuine issues of material fact and defendants were entitled to judgment as a matter of law. The order granting summary judgment is affirmed. The court's decision to deny defendants' motion for a reasonable attorney fee under section 75-16.1 was, by that statute, a matter within the trial court's discretion. We find no abuse of discretion in that decision.

Affirmed.

Judges WALKER and TIMMONS-GOODSON concur.