**ALLRED v. EXCEPTIONAL LANDSCAPES, INC.**

[227 N.C. App. 229 (2013)]

DANNY K. ALLRED, Employee, Plaintiff
v.
EXCEPTIONAL LANDSCAPES, INC., Employer, NONINSURED, and TED WILLIAM WRIGHT, Individually, and JOHN THOMPSON SUMMEY, Individually, and JOY WRIGHT, Individually; and/or T&J SERVICES, Defendants

No. COA12-1278

Filed 21 May 2013

1. **Workers' Compensation—jurisdiction—Form 33 filed**

   The Industrial Commission had jurisdiction over plaintiff's workers' compensation claim. Plaintiff initiated a workers' compensation claim before the Commission when he filed his Form 33. Once filed, the Commission retained continuing and exclusive jurisdiction over that claim and all related matters.

2. **Workers' Compensation—settlement agreement—not fair and just**

   The Industrial Commission did not err in a workers' compensation case by ruling that the parties' settlement was not fair and just. The settlement agreement did not comply with the statutory requirements in that the agreement did not make any provision for payment of plaintiff's medical expenses, and did not provide adequate indemnity compensation given plaintiff's physical and vocational limitations at the time of the settlement. Further, the agreement made no mention of payment of unpaid medical bills, as required by Industrial Commission Rule 502.

3. **Worker's Compensation—attorney fees—insurer**

   The Industrial Commission erred in a workers' compensation case by assessing attorney fees against defendants under N.C. Gen. Stat. § 97-88. Defendants were not "insurers" and the "insurer" did not appeal the decision of the Deputy Commissioner to the Full Commission.

4. **Corporations—piercing the corporate veil—no alter ego**

   The Industrial Commission erred in a worker's compensation case by piercing the corporate veil as to defendant J. Wright because she was not a shareholder of the defendant corporation. The findings of fact were insufficient to support a conclusion of law that J. Wright was an alter ego of the corporation.

ALLRED v. EXCEPTIONAL LANDSCAPES, INC.

[227 N.C. App. 229 (2013)]

**5.  Appeal and Error—issue not addressed—motion to withdraw appeal—previously granted**

Defendant J. Wright's argument that the Industrial Commission erred in a workers' compensation case by ordering her to pay a civil penalty for the failure to bring defendant Exceptional Landscapes into compliance with the requirements of N.C.G.S. § 97-93 was not addressed. Wright's motion to withdraw her appeal of that issue had been previously granted.

**6.  Appeal and Error—issue on appeal—deemed abandoned**

Defendants' argument on appeal concerning the Industrial Commission's findings of fact and conclusions of law piercing the corporate veil as to them was deemed abandoned pursuant to N.C.R. App. P. 28(b)(6).

Appeal by defendants from the Opinion and Award entered 30 March 2012 by the North Carolina Industrial Commission. Heard in the Court of Appeals 28 March 2013.

*Holt, Longest, Wall, Blaetz & Moseley, PLLC, by W. Phillip Moseley, for plaintiff-appellee.*

*Cranfill Sumner & Hartzog LLP, by W. Scott Fuller and Jaye E. Bingham-Hinch, for defendant-appellant Exceptional Landscapes, Inc., and/or T&J Services.*

*McCullers & Whitaker, PLLC, by Christopher Mann, for defendant-appellant Joy Wright.*

*Ted William Wright, pro se, for defendant-appellant.*

*John Thompson Summey, pro se, for defendant-appellant.*

STEELMAN, Judge.

Where plaintiff filed a claim with the North Carolina Industrial Commission, the Commission retained exclusive and continuing jurisdiction over that claim. Where the parties' settlement agreement did not provide for the reimbursement of unpaid medical bills, the Commission properly determined it was not fair and just. Where defendants were not an "insurer" as defined by statute, the Commission erred in assessing attorney's fees against defendants under N.C. Gen. Stat. § 97-88. Where

one defendant did not have dominion or control over business decisions of the corporation, the Commission erred in piercing the corporate veil as to that defendant.

## I. Factual and Procedural History

On 17 August 2006, Danny K. Allred (plaintiff) was in a motor vehicle accident while performing duties on behalf of his employer, Exceptional Landscapes (Exceptional Landscapes), and suffered injuries. Exceptional Landscapes did not have workers' compensation insurance, nor was it self-insured at the time of the accident. Ted William Wright (T. Wright) and John Summey (Summey) were the shareholders of Exceptional Landscapes, and Joy Wright (J. Wright) was treasurer of Exceptional Landscapes and the spouse of T. Wright.

In September 2006, plaintiff filed a Form 18 and Form 33 with the Industrial Commission. A mediation conference was held on 27 February 2007. During the conference, the parties could not reach an agreement as to the workers' compensation claim and instead, attempted to reach an agreement as to a liability claim, based upon the assumption that plaintiff was going to withdraw his claim with the Industrial Commission. An agreement was reached under the terms of which Exceptional Landscapes would pay plaintiff a lump sum of $26,000. The agreement made no mention of the payment of plaintiff's outstanding medical bills. Pursuant to this agreement, the sum of $26,000 was paid to plaintiff and his then counsel. Plaintiff never withdrew the Form 33, and the case was scheduled for hearing in front of the Commission.

On 30 March 2012, the Full Commission entered an Opinion and Award. The Opinion and Award found that the Commission had jurisdiction over the matter and that the settlement agreement did not comply with the requirements of N.C. Gen. Stat. § 97-17. The Commission did not approve the settlement because it was not fair and just. Piercing the corporate veil, the Commission held T. Wright, J. Wright, and Summey "individually liable jointly and severally for the indemnity and medical compensation due in this case." The Commission ordered: (1) T. Wright, Summey, and J. Wright to pay plaintiff temporary total disability compensation at the rate of $211.34 per week and to pay all medical expenses incurred as a result of the accident; (2) an attorney's fee to be paid to plaintiff's counsel; (3) a penalty to be assessed pursuant to N.C. Gen. Stat. § 97-94(b) against T. Wright, Summey, and J. Wright for failing to procure workers' compensation insurance; and (4) T. Wright and J. Wright to pay an additional penalty pursuant to N.C. Gen. Stat. § 97-94(d) for failing to bring Exceptional Landscapes into compliance.

The Commission held the imposition of both penalties under N.C. Gen. Stat. § 97-94 in abeyance.

Defendants appeal.

## II. Standard of Review

"Appellate review of an order and award of the Industrial Commission is limited to a determination of whether the findings of the Commission are supported by the evidence and whether the findings in turn support the legal conclusions of the Commission." *Simon v. Triangle Materials, Inc.*, 106 N.C. App. 39, 41, 415 S.E.2d 105, 106 (1992). Unchallenged findings of fact are presumed to be supported by competent evidence and are binding on appeal. *Johnson v. Herbie's Place*, 157 N.C. App. 168, 180, 579 S.E.2d 110, 118 (2003). The Commission's conclusions of law are reviewable *de novo. Id.* at 171, 579 S.E.2d at 113.

## III. Jurisdiction

[1] In its first argument, Exceptional Landscapes contends that the Commission did not have jurisdiction over plaintiff's claim when there was a settlement agreement as to plaintiff's claim. We disagree.

"The jurisdiction of the Commission is limited and conferred by statute." *Pearson v. C.P. Buckner Steel Erection Co.*, 348 N.C. 239, 241, 498 S.E.2d 818, 819 (1998). Under N.C. Gen. Stat. § 97-91, the Commission has the power to administrate the Workers' Compensation Act and to hear "all questions arising under the Article if not settled by agreements of the parties interested therein, with the approval of the Commission . . . ." N.C. Gen. Stat. § 97-91 (2011). The exclusive venue for a claim by an employee against an employer for injuries arising in the course of employment is the Commission when the employer has "complied with provisions of the [Workers' Compensation Act]." N.C. Gen. Stat. § 97-10.1 (2011); *see also Seigel v. Patel*, 132 N.C. App. 783, 785-86, 513 S.E.2d 602, 604 (1999). In order to invoke such jurisdiction, an employee must either file a claim for compensation or submit a voluntary settlement for approval. *Tabron v. Gold Leaf Farms, Inc.*, 269 N.C. 393, 396, 152 S.E.2d 533, 535 (1967). Once jurisdiction is invoked, the Commission retains continuing jurisdiction of all proceedings begun before it. *See Pearson*, 348 N.C. at 241-42, 498 S.E.2d at 820. ("This Court has recognized that the General Assembly intended the Commission to have continuing jurisdiction of proceedings begun before it.").

Exceptional Landscapes contends that plaintiff elected a remedy "at law" and that the Commission thereby lost its jurisdiction. N.C. Gen. Stat. § 97-94(b) states:

(b) Any employer required to secure the payment of compensation under this Article who refuses or neglects to secure such compensation shall be punished by a penalty . . . and the employer shall be liable during continuance of such refusal or neglect to an employee either for compensation *under this Article or at law* at the election of the injured employee.

N.C. Gen. Stat. § 97-94(b) (2011) (emphasis added). While this section "may arguably permit plaintiff to bring her claim at law," the Commission is not precluded from hearing claims against noncompliant employers. *Seigel*, 132 N.C. App. at 786, 513 S.E.2d at 604. In fact, when a claim is filed with the Commission and jurisdiction is invoked, the Commission will retain "exclusive jurisdiction over workers' compensation claims and all related matters. . . ." *Johnson v. First Union Corp.*, 131 N.C. App. 142, 143-44, 504 S.E.2d 808, 809 (1998). In *Johnson*, a plaintiff-employee filed suit in superior court alleging various claims against the defendant-employer, including that the employer had committed fraud in submitting certain forms to the Industrial Commission. *Id.* We held that the Industrial Commission retained exclusive jurisdiction over that matter, including the claims for fraud and all related matters. *Id.*

In the instant case, Exceptional Landscapes does not challenge any of the findings of fact of the Industrial Commission and they are therefore binding on appeal. *Johnson*, 157 N.C. App. at 180, 579 S.E.2d at 118. When plaintiff filed Form 18 and Form 33 with the Commission regarding plaintiff's 17 August 2006 work-related injury, plaintiff invoked the jurisdiction of the Commission. Once filed, the Commission retained "exclusive jurisdiction over workers' compensation claims and all related matters. . . ." *Johnson*, 131 N.C. App. at 143-44, 504 S.E.2d at 809. The parties negotiated an agreement at the mediation conference for what they believed to be a liability claim "at law." While the language of N.C. Gen. Stat. § 97-94(b) "may arguably permit plaintiff to bring [his] claim at law," *Seigel*, 132 N.C. App. at 786, 513 S.E.2d at 604, plaintiff did not bring his claim at law. Instead, plaintiff initiated a workers' compensation claim before the Commission when he filed his Form 33. Once filed, the Commission retained continuing and exclusive jurisdiction over that claim and all related matters. *See Pearson*, 348 N.C. at 241-42, 498 S.E.2d at 820; *Johnson*, 131 N.C. App. at 143-44, 504 S.E.2d at 809. While nothing in the Workers' Compensation Act "prevent[s] settlements made by and between the employee and employer[,]" the Act requires "[a] copy of a settlement agreement [to] be filed by the employer with

and approved by the Commission." N.C. Gen. Stat. § 97-17 (2011). The settlement agreement in this case was not filed with nor approved by the Industrial Commission. The Commission's findings of fact therefore support its conclusion that the Industrial Commission had jurisdiction over the claim and the subject matter of this case.

This argument is without merit.

### IV. Fair and Just Settlement

**[2]** In its second argument, Exceptional Landscapes contends that if this Court holds that the Commission had jurisdiction over plaintiff's claim, then the Commission erred in ruling that the parties' settlement was not fair and just. We disagree.

"The Industrial Commission must review all compromise settlement agreements to make sure they comply with the Workers' Compensation Act and the Rules of the Industrial Commission, and to ensure that they are fair and reasonable." *Smythe v. Waffle House*, 170 N.C. App. 361, 364, 612 S.E.2d 345, 348 (2005). In the instant case, Exceptional Landscapes does not challenge any of the Commission's findings of fact, and thus, the findings of fact are binding on appeal. *Johnson*, 157 N.C. App. at 180, 579 S.E.2d at 118. Finding of fact 37 states that the settlement agreement did not comply with the statutory requirements of N.C. Gen. Stat. § 97-17, in that the agreement did not make any provision for payment of plaintiff's medical expenses, and that the agreement did not provide adequate indemnity compensation given plaintiff's physical and vocational limitations at the time of the settlement. Further, finding of fact 35 states, "[t]he Mediated Settlement Agreement made no mention of payment of unpaid medical bills and did not include all of the terms required by Rule 502 of the Rules of the Industrial Commission." Rule 502 sets forth the requirements of compromise agreements, including: that the employer, if liability is admitted, undertakes to pay all medical expenses to date of the agreement; that the employer, if liability is denied, undertakes to pay all unpaid medical expenses to the date of the agreement; that the employer will pay all costs incurred; and that no rights other than those arising under the Workers' Compensation Act are compromised or released. 4 N.C. Admin. Code 10A.0502 (2012). The Commission's findings of fact support the conclusion that the settlement agreement did not comply with the Worker's Compensation Act or Industrial Commission Rule 502. The Commission's conclusion that the agreement was not fair and just was supported by its findings of fact.

This argument is without merit.

## V. Attorney's Fees

**[3]** Exceptional Landscapes and J. Wright contend that the Commission erred in assessing attorney's fees under N.C. Gen. Stat. § 97-88. We agree.

Under N.C. Gen. Stat. § 97-88, "the Commission may award attorney's fees to an injured employee if (1) the *insurer* has appealed a decision to the full Commission or to any court, and (2) on appeal, the Commission or court has ordered the *insurer* to make, or continue making, payments of benefits to the employee." *Estes v. N.C. State Univ.*, 117 N.C. App. 126, 128, 449 S.E.2d 762, 764 (1994) (emphasis added); *see also* N.C. Gen. Stat. § 97-88 (2011). The term "insurer" is defined as "any person or fund authorized under G.S. 97-93 to insure under this Article, and includes self-insurers." N.C. Gen. Stat. § 97-2(7) (2011). A "self-insurer" must be licensed by the Commissioner of Insurance under the provisions of N.C. Gen. Stat. § 58-47-65 (2011).

In the instant case, none of the defendants are "insurers" as defined by statute. "[I]f the language of the statute is clear and not ambiguous, we must conclude that the General Assembly intended the statute to be implemented according to the plain meaning of its terms." *Childress v. Trion, Inc.*, 125 N.C. App. 588, 591, 481 S.E.2d 697, 699 (1997). Although defendants appealed the decision of the Deputy Commissioner to the Full Commission, the plain language of the statute precludes the application of attorney's fees in this case because the "insurer" did not appeal this decision. The Commission erred in assessing attorney's fees against defendants.

We note that the remedy for failure to procure workers' compensation insurance is governed by N.C. Gen. Stat. § 97-94, which provides for civil penalties against the employer and civil and criminal sanctions against individual employees. N.C. Gen. Stat. § 97-94 (2011). In the instant case, the Commission assessed civil penalties pursuant to N.C. Gen. Stat. § 97-94(b) against T. Wright, Summey, and J. Wright and pursuant to N.C. Gen. Stat. § 97-94(d) against T. Wright and J. Wright.

## VI. Piercing the Corporate Veil

**[4]** In J. Wright's second argument, she contends that the Commission erred in piercing the corporate veil as to her because she was not a shareholder of the corporation. We agree.

North Carolina courts will "pierce the corporate veil" to extend liabilities of the corporation beyond the confines of the corporation's entity when it is necessary to achieve equity. *Glenn v. Wagner*, 313 N.C.

450, 454, 329 S.E.2d 326, 330 (1985). Liability may be imposed on an individual who is operating a corporation as a mere instrumentality when the individual has:

> (1) Control, not mere majority or complete stock control, but complete domination, not only of finances, but of policy and business practice in respect to the transaction attacked so that the corporate entity as to this transaction had at the time no separate mind, will or existence of its own; and

> (2) Such control must have been used by the defendant to commit fraud or wrong, to perpetrate the violation of a statutory or other positive legal duty, or a dishonest and unjust act in contravention of plaintiff's legal rights; and

> (3) The aforesaid control and breach of duty must proximately cause the injury or unjust loss complained of.

*Id.* at 455, 329 S.E.2d at 330. Factors which have been considered in piercing the corporate veil include: inadequate capitalization, non-compliance with corporate formalities, complete domination and control of the corporation so that it had no independent identity, and excessive fragmentation of a single enterprise into separate corporations. *Id.* at 455, 329 S.E.2d at 330-31.

The only findings of fact made by the Industrial Commission that refer to any level of J. Wright's control are that she was an officer of Exceptional Landscapes, that T. Wright and J. Wright "did not observe any corporate formalities in the operation of Exceptional Landscapes, Inc.," that Exceptional Landscapes was not adequately capitalized, that J. Wright was treasurer of Exceptional Landscapes, that she "signed the banking authorization for the company," and that she "had the authority to write checks for the corporation." The Commission's findings do not demonstrate that J. Wright had complete domination of policy, finances, and business practices, nor that she exercised such control over Exceptional Landscapes that the corporate entity had no separate existence. These findings of fact are insufficient to support a conclusion of law that J. Wright was an alter ego of Exceptional Landscapes. The Industrial Commission's conclusion of law that pierced the corporate veil as to J. Wright and then imposed personal liability upon her is not supported by the Industrial Commission's findings of fact. We reverse the holding of the Industrial Commission imposing liability upon J. Wright.

## VII. Civil Penalty

[5] In J. Wright's third argument, she contends that the Commission erred in ordering her to pay a civil penalty for the failure to bring Exceptional Landscapes into compliance with the requirements of N.C. Gen. Stat. § 97-93 because she did not have the ability and authority to bring them into compliance. The Commission held the imposition of this penalty in abeyance. On 13 November 2012, J. Wright filed a motion to withdraw her appeal as to PH-1887 because the Commission's Opinion and Award as to PH-1887 was not a final award of the agency. We subsequently granted this motion and therefore do not address J. Wright's appeal as to the civil penalty.

## VIII. The Appeals of T. Wright and Summey

[6] Defendants T. Wright and Summey filed *pro se* briefs incorporating and adopting by reference all of the sections of the briefs of Exceptional Landscapes and J. Wright. While T. Wright and Summey incorporated the arguments of J. Wright, her contentions that the Industrial Commission erred by piercing the corporate veil relate only to her, and not to any other defendant. Since T. Wright and Summey have made no argument on appeal as to the Commission's findings of fact and conclusions of law piercing the corporate veil as to them, any argument as to those two defendants has been waived and is deemed abandoned. N.C.R. App. P. 28(b)(6). We note that defendants T. Wright and Summey also filed motions to withdraw their appeal as to PH-1887, which was granted by this Court.

## IX. Conclusion

We affirm the Industrial Commission's holding that the Commission had jurisdiction over plaintiff's claim and that the settlement agreement was not fair or just. We also affirm the holding of the Industrial Commission piercing the corporate veil as to T. Wright and Summey and imposing individual liability as to those defendants.

We reverse the Industrial Commission's ruling imposing attorney's fees against all defendants. We also reverse the Industrial Commission's holding imposing personal liability upon J. Wright.

AFFIRMED IN PART, REVERSED IN PART.

Judges ELMORE and STROUD concur.