DAVIS, Judge.
Goodyear Tire & Rubber Company ("Goodyear") and its insurance carrier, Liberty Mutual Insurance Company, (collectively "Defendants") appeal from an opinion and award of the North Carolina Industrial Commission (the "Commission") determining that Robert L. Snyder ("Plaintiff") was entitled to workers' compensation benefits. On appeal, Defendants argue that because the Commission's determination that Plaintiff made reasonable efforts to find employment was not supported by the record, the Commission erred in awarding Plaintiff disability compensation. After careful review, we affirm.
Factual and Procedural Background
Plaintiff began working for Goodyear in 1985 and most recently worked as a second-stage tire builder at Goodyear's plant in Cumberland County, North Carolina. This position, which involved transferring tire carcasses from a truck to an inflation stand, required Plaintiff to frequently lift objects weighing 60 pounds. On 21 October 2013, Plaintiff sustained a back injury while attempting to pull a tire carcass that was stuck. He reported the injury to his supervisor that day and was sent to Goodyear's on-site dispensary to receive treatment.
On 25 October 2013, Goodyear filed a Form 19 with the Industrial Commission reporting Plaintiff's 21 October 2013 injury. Plaintiff returned to work as regularly scheduled on 26 October 2013 but sought medical treatment later that day because of sharp, constant back pain that worsened while performing his work duties. After Plaintiff received medical treatment over the following weeks, his physician, Dr. Robert Ferguson, released him to return to work on 22 November 2013 with the restrictions that he could not lift more than 25 pounds and could not engage in repetitive bending. Plaintiff reported to work on 22 November 2013 but was not permitted to work his shift because of his restrictions and was sent home.
On 2 January 2014, Plaintiff submitted a Form 18 "Notice of Accident" and a Form 33 "Request that Claim be Assigned for Hearing." Defendants denied Plaintiff's claim in a Form 33R "Response to Request that Claim be Assigned for Hearing" submitted on 17 February 2014.
After receiving medical treatment in January and February, Plaintiff underwent a "fit test" on 24 February 2014, the results of which allowed him to be released to work on 25 February 2014 without any restrictions. Plaintiff attempted to resume his regular job duties but encountered difficulty due to pain. Plaintiff's healthcare providers consequently removed him from work from 28 February 2014 through 17 March 2014. Thereafter, his providers did not specifically address the issue of work restrictions when treating Plaintiff because he was not working at the time.
A hearing on Plaintiff's claim was held before Deputy Commissioner Philip A. Baddour, III, on 24 July 2014. Deputy Commissioner Baddour issued an opinion and award on 4 April 2015 in which he concluded that Plaintiff's injury was compensable and that Plaintiff had demonstrated he was disabled and entitled to disability compensation.
Defendants appealed to the Full Commission. After hearing the appeal on 24 September 2015, the Commission issued its Opinion and Award on 29 December 2015 affirming the Deputy Commissioner with modifications. Specifically, the Commission concluded that:
4. ... Plaintiff met his burden of proving temporary total disability ... from October 26, 2013 through November 22, 2013 and from February 28, 2014 through March 17, 2014, by proving that he was incapable of work in any employment, as he was restricted from work by his medical providers during these periods.
5. ... [F]or the time periods of November 22, 2013 through February 25, 2014, when he was released to return to work with restrictions ... and after March 17, 2014, Plaintiff met his burden of proving temporary total disability ... by showing that he was incapable of returning to work in his pre-injury job as his job requirements exceeded his injury related work restrictions of no lifting more than twenty-five pounds and no repetitive bending.... [and that] Plaintiff's efforts constituted a reasonable, but unsuccessful, effort to obtain suitable employment.
Defendants filed a timely notice of appeal to this Court.
Analysis
Defendants' sole argument on appeal is that because the Commission's determination that Plaintiff made reasonable efforts to obtain employment was not adequately supported by the record, the Commission erred in awarding disability benefits to Plaintiff for the time periods during which he was not completely restricted from working.[1]
Appellate review of an opinion and award of the Industrial Commission is "limited to consideration of whether competent evidence supports the Commission's findings of fact and whether the findings support the Commission's conclusions of law." Philbeck v. Univ. of Mich. , 235 N.C. App. 124, 127, 761 S.E.2d 668, 671 (2014) (citation and quotation marks omitted). The findings of fact made by the Commission are conclusive on appeal if supported by competent evidence "even if there is evidence to support a contrary finding." Nale v. Ethan Allen , 199 N.C. App. 511, 514, 682 S.E.2d 231, 234, disc. review denied , 363 N.C. 745, 688 S.E.2d 454 (2009). Therefore, when reviewing the Commission's findings of fact our "duty goes no further than to determine whether the record contains any evidence tending to support the finding[s]." Richardson v. Maxim Healthcare/Allegis Grp. , 362 N.C. 657, 660, 669 S.E.2d 582, 584 (2008) (citation and quotation marks omitted).
"Unchallenged findings of fact are presumed to be supported by competent evidence and are binding on appeal." Allred v. Exceptional Landscapes, Inc. , 227 N.C. App. 229, 232, 743 S.E.2d 48, 51 (2013). The Commission's conclusions of law are reviewed de novo . Gregory v. W.A. Brown & Sons , 212 N.C. App. 287, 295, 713 S.E.2d 68, 74, disc. review denied , 365 N.C. 369, 719 S.E.2d 26 (2011).
The term " '[d]isability,' within the meaning of the North Carolina Workers' Compensation Act, is defined as incapacity because of injury to earn the wages which the employee was receiving at the time of injury in the same or any other employment." Demery v. Perdue Farms, Inc. , 143 N.C. App. 259, 264, 545 S.E.2d 485, 489 (citation and quotation marks omitted), aff'd per curiam , 354 N.C. 355, 554 S.E.2d 337 (2001). Thus, in order for the Commission to conclude that a plaintiff is entitled to disability benefits to compensate him for the loss in wage-earning capacity, it must find
(1) that plaintiff was incapable after his injury of earning the same wages he had earned before his injury in the same employment, (2) that plaintiff was incapable after his injury of earning the same wages he had earned before his injury in any other employment, and (3) that this individual's incapacity to earn was caused by plaintiff's injury.
Hilliard v. Apex Cabinet Co ., 305 N.C. 593, 595, 290 S.E.2d 682, 683 (1982).
A plaintiff seeking to demonstrate disability may prove these first two elements of disability through several methods, including
(1) the production of medical evidence that he is physically or mentally, as a consequence of the work related injury, incapable of work in any employment; (2) the production of evidence that he is capable of some work, but that he has, after a reasonable effort on his part, been unsuccessful in his effort to obtain employment; (3) the production of evidence that he is capable of some work but that it would be futile because of preexisting conditions, i.e., age, inexperience, lack of education, to seek other employment; or (4) the production of evidence that he has obtained other employment at a wage less than that earned prior to the injury.
Russell v. Lowes Prod. Distribution , 108 N.C. App. 762, 765, 425 S.E.2d 454, 457 (1993) (internal citations omitted); see also Medlin v. Weaver Cooke Constr., LLC , 367 N.C. 414, 422, 760 S.E.2d 732, 737 (2014) ("[The plaintiff] may prove the first two elements [under Hilliard ] through any of the four methods articulated in Russell , but these methods are neither statutory nor exhaustive. In addition, a claimant must also satisfy the third element, as articulated in Hilliard , by proving that his inability to obtain equally well-paying work is because of his work-related injury.").
In the present case, the Commission determined that Plaintiff was entitled to disability compensation from 22 November 2013 through 25 February 2014 and from 17 March 2014 onward under the second prong of Russell because, although he was capable of some work, he had been unable to obtain employment despite his reasonable efforts. On appeal, Defendants specifically challenge the Commission's determination that Plaintiff did, in fact, make reasonable efforts to find employment.
The Commission's determination on this issue centered on the following findings of fact:
36. The Full Commission ... finds based upon a preponderance of the evidence that Plaintiff has made himself available for work with Defendant-Employer within his restrictions. He reported to work each time he was released and, when allowed, he attempted to perform the assigned work. Defendant-Employer has not provided Plaintiff a suitable job. Plaintiff remains employed with Defendant-Employer; he still retains the rights and privileges of an employee of Defendant-Employer and he has a reasonable expectation of being able to return to his employment with Defendant-Employer at the end of his healing period. The Full Commission therefore finds that Plaintiff's efforts after his release to return to work with restrictions on November 22, 2013 constituted a reasonable, but unsuccessful, effort to obtain suitable employment under the circumstances.
....
39. Based upon a preponderance of the evidence of record, the Full Commission finds that Plaintiff has not reached maximum medical improvement for his compensable back condition.
Our prior caselaw establishes that this Court gives considerable deference to the Commission's findings as to whether an employee has made reasonable efforts to obtain employment. We have previously observed that "[n]o general rule exists for determining the reasonableness of an injured employee's job search. Rather, the Commission is free to decide whether an employee made a reasonable effort to obtain employment under the second Russell option so long as the determination is supported by competent evidence." Gonzalez v. Tidy Maids, Inc. , --- N.C. App. ----, ----, 768 S.E.2d 886, 894 (2015) (citation, quotation marks, and brackets omitted). However, this Court has recently made clear that "the Commission must explain its basis for its determination of 'reasonableness.' " Patillo v. Goodyear Tire & Rubber Co. , --- N.C. App. ----, ----, 794 S.E.2d. 906, 914 (2016).
We find instructive our decision in Carr v. Department of Health and Human Services , 218 N.C. App. 151, 720 S.E.2d 869 (2012). In that case, the plaintiff-employee, a nurse, was injured while working for the defendant-employer hospital. After receiving treatment, she notified her employer that she could return to work with the restriction that she could not lift more than ten pounds. However, because her employer did not make a job available for her within this restriction, she was not able to return to work. Id. at 153, 720 S.E.2d at 872. The Commission awarded her disability compensation, but its opinion and award failed to make specific findings as to whether she had made reasonable efforts to find employment under the second prong of Russell . Id. at 158, 720 S.E.2d at 875.
On appeal, we addressed the issue as follows:
For the Commission's conclusion to be based on the second ... prong of Russell , it would have to make findings regarding ... whether plaintiff has made a reasonable effort to obtain employment, but been unsuccessful.... The Commission merely stated "that the medical evidence of record, including the deposition testimony of Dr. Katz, establishes that, as a result of the May 5, 2008 work related incident, plaintiff has been disabled and unable to earn any wages since the date of injury and continuing." Although plaintiff has testified that she availed herself to defendant and they did not accommodate her with a sedentary job, the Commission made no findings which acknowledged this or concluded that her actions constituted a reasonable effort to obtain employment . Thus, there is no basis in its findings for the conclusion that plaintiff is disabled based on ... the second ... prong of Russell .
Id. at 157-58, 720 S.E.2d at 875 (emphasis added). Because of this deficiency, we remanded for the Commission to make findings as to whether the plaintiff had made reasonable efforts to find employment. Id. at 158, 720 S.E.2d at 875.
Here, unlike in Carr , the Commission did make a specific finding that Plaintiff made reasonable efforts to seek employment and set forth its basis-the factual accuracy of which Defendants do not challenge-for this determination. Specifically, the Commission determined that Plaintiff had made himself available to Goodyear for work within his restrictions; retained the "rights and privileges of an employee" of Goodyear; had not yet reached maximum medical improvement; and had a reasonable expectation of returning to his work with Goodyear after his healing period was completed.
Under the specific circumstances of this case, we are satisfied that the Commission's finding as to the reasonableness of Plaintiff's efforts under the second prong of the Russell test was supported by competent evidence in the record and that the Commission sufficiently "explain[ed] its basis for its determination of 'reasonableness.' " See Patillo , --- N.C. App. at ----, 794 S.E.2d. at 914.[2]
We wish to emphasize, however, that our holding is not that an employer's failure to provide light duty work to an injured employee-by itself-allows the employee to meet his burden under the second prong of the Russell test. See Perkins v. U.S. Airways , 177 N.C. App. 205, 214, 628 S.E.2d 402, 408 (2006) (holding that employers are not required to offer light duty positions to injured employees), disc. review denied , 361 N.C. 356, 644 S.E.2d 231 (2007) ; see also Cooper v. BHT Enters. , 195 N.C. App. 363, 377, 672 S.E.2d 748, 758 (2009) (same). Rather, our holding is simply that, based on our limited standard of review, the Commission's unchallenged findings of fact support its determination that Plaintiff made reasonable efforts to find employment under the specific facts of this case.
Conclusion
For the reasons stated above, we affirm the Commission's 29 December 2015 Opinion and Award.
AFFIRMED.
Report per Rule 30(e).
Judges CALABRIA and TYSON concur.

Defendants do not challenge the portion of the Commission's Opinion and Award concluding that Plaintiff was entitled to benefits from 26 October 2013 through 22 November 2013 and from 28 February 2014 through 17 March 2014 on account of his inability to perform any work during those time periods.

We note that Defendants do not assert that the facts set forth in Finding No. 36-other than the ultimate finding of fact as to the reasonableness of Plaintiff's efforts-are unsupported by competent evidence in the record.